**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STANLEY L. NIBLACK, : Civil Action No. 14-3883 (MAS)
:
      Plaintiff, :
:
   v. : **OPINION**
:
OFFICER LORENZO PETTWAY, et al., :
:
      Defendants. :

**APPEARANCES:**

    STANLEY L. NIBLACK, Plaintiff pro se
    #923038A
    Southern State Correctional Facility (Unit 38)
    4295 Rt. 47
    Delmont, New Jersey 08314

    MICHAEL A. CIFELLI, ESQ.
    SCARINCI HOLLENBECK
    1100 Valley Brook Avenue, P.O. Box 790
    Lyndhurst, New Jersey 07071
    Counsel for Defendants Officer Lorenzo Pettway, City of Asbury Park, Mayor Ed Johnson and Chief/Captain Mark Kinnemon

    JOSEPH M. MORRIS, ESQ.
    MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLC
    Three Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102-4079
    Counsel for Defendants Officer Eddie Raisen and Sergeant David DeSane

**SHIPP**, District Judge

This matter comes before the Court on the motion of Plaintiff Stanley L. Niblack ("Plaintiff") to remand this matter to state court. (ECF No. 6.) This motion is being considered on the papers, pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, the Court remands this matter to state court on the ground that Defendants' removal was untimely and defective under 28 U.S.C. §§ 1446(b)(2)(A).

## I. BACKGROUND

The Court observes that this is the second time Plaintiff's state court action has been removed to this District Court. The first time, in *Niblack v. Pettway, et al.*, Civil No. 13-3740 (JAP), counsel for Defendants Officer Lorenzo Pettway, City of Asbury Park, Mayor Ed Johnson and Chief/Captain Mark Kinnemon ("original Defendants"), removed the action on June 17, 2013. In an Opinion and Order filed on December 3, 2013, the Honorable Joel A. Pisano, U.S.D.J., remanded the case on procedural grounds as untimely because removal was made almost four months after service of process was effected upon the original Defendants on February 19, 2013. (*See Niblack v. Pettway, et al.*, Civil No. 13-3740 (JAP), ECF Nos. 17, 18.) Notably, there was no argument concerning subject matter jurisdiction of the action at that time.

On June 17, 2014, counsel for Defendants, Officer Eddie Raisen and Sergeant David DeSane ("the new Defendants" or the "removing Defendants"), removed this action to federal court.[1] The new Defendants state that, on May 24, 2014, Plaintiff served them by certified mail with a copy of the summons, Jury Demand, Complaint and Amended Complaint. (ECF No. 1, Notice of Removal at ¶¶ 2, 3.) The new Defendants claim that removal is proper because the allegations of the Amended Complaint assert claims under 42 U.S.C. § 1983 and the U.S.

---

[1] The case was initially assigned to Judge Pisano, but thereafter, on July 16, 2014, the case was reassigned to the undersigned. (ECF No. 7.)

2

Constitution, thus giving the Court original jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at ¶ 5.) Defendants also allege that removal was timely filed within the thirty (30) days following service of the Summons and Complaint as prescribed by 28 U.S.C. § 1446. (*Id.*, ¶ 4.)

On July 11, 2014, Plaintiff filed a motion to remand this case to state court on the grounds that removal was untimely and otherwise procedurally defective. Namely, Plaintiff contends that all Defendants did not join or consent to removal as required under 28 U.S.C. § 1446(b)(2)(A). Plaintiff also argues that he has the right to choose the forum to litigate his claims, and that Defendants have not established that federal jurisdiction exists over Plaintiff's claims. (ECF No. 6-1, Plaintiff's Brief in Support of Remand.)

A brief history of Plaintiff's state court action and the prior removal action is merited here. On November 5, 2012, Plaintiff filed a lawsuit in the Superior Court of New Jersey, Law Division, Monmouth County, under Docket No. MON-L-4506-12, against the original Defendants. (ECF No. 1, Exhibit A – State Court Complaint.) Plaintiff asserts that his constitutional and civil rights were violated by the original Defendants stemming from an incident that occurred in Asbury Park on August 17, 2011. In particular, Niblack alleges that, while he was in a friend's parked car, Defendant Pettway ordered Niblack to exit the vehicle, threw Niblack against the vehicle and emptied the contents of Niblack's pockets. (*Id.*, ¶ 1.) Pettway then ordered Plaintiff to follow him to Niblack's own car parked around the corner, and Pettway proceeded to search Niblack's vehicle and all of its compartments and bags without Niblack's consent or a search warrant. (*Id.*, ¶¶ 2, 3.) Niblack claims that Defendant Pettway conducted an illegal search and seizure in violation of Plaintiff's constitutional rights, namely, the Fourth Amendment, and that Defendants Mayor Johnson, Chief/Captain Kinnemon and the

City of Asbury Park failed to train, supervise or discipline their police officers. (*Id.*, ¶¶ 3 through 7.) Niblack seeks $ 4 million in compensatory, punitive and special damages. (*Id.*, "Demand.")

On June 17, 2013, the original Defendants removed the state court action to this District Court pursuant to 28 U.S.C. §§ 1331 and 1441, asserting that the Court has subject matter jurisdiction over Plaintiff's unlawful search and seizure claim pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (*Niblack v. Pettway, et al.*, Civil No. 13-3740 (JAP) at ECF No. 1.) The original Defendants argued that they were never personally served with the complaint in the state court action. Nevertheless, Plaintiff applied to state court for entry of default, which was granted on April 1, 2013, two and a half months before the original Defendants removed the action to this District Court. (*Id.*, at ECF No. 2-2 at 4.)

Plaintiff filed a motion for remand in the first removal action, refuting the original Defendants' contention that service of process was not effective on all of them. Indeed, Plaintiff attached proof of service upon the original Defendants, showing that service was completed on February 19, 2013. (*Id.* at ECF No. 7.) Thus, Plaintiff argued that removal was improper where entry of default had been granted, where a motion for default judgment and proof hearing was filed and served on the original Defendants in state court, and where Plaintiff had filed an amended complaint in the state court action, naming the new Defendants on whom the Monmouth County Sheriff's Office was then attempting service of process. (*Id.* at ECF No. 4, 5 at ¶¶ 6 through 13.)

Plaintiff further noted that counsel for the original Defendants was served with a Demand for Production of Documents in the state matter on March 18, 2013, thus providing additional notice of Plaintiff's complaint against the original Defendants months before a notice of removal

4

was filed. (*Id.* at ECF No. 9-2.)  Consequently, Plaintiff alleged that removal by the original Defendants was improper under 28 U.S.C. § 1446(b), because the matter was not removed within thirty (30) days after service of process, but instead, almost four months after service of process was completed on February 19, 2013. (*Id.* at ECF No. 9 at ¶ 15 and Exhibit "B".)

The original Defendants filed opposition to Plaintiff's motion to remand in the first removal action acknowledging that municipal Defendant, the City of Asbury Park had been properly served on February 19, 2013, pursuant to New Jersey Rule of Court 4:4-4(a)(8), but that service on the individual Defendants was defective because it was not served pursuant to N.J.Ct.R. 4:4-4(a)(1), which allows service "by delivering a copy thereof [of the summons and complaint] to a person authorized by appointment or by law to receive service of process on the individual's behalf."  The original Defendants argued that the municipal clerk is not so authorized by any municipal ordinance or state statute. (*Id.* at ECF No. 13 at 3.)

In an Opinion and Order filed on December 3, 2013, Judge Pisano rejected the original Defendants' arguments concerning service and found that removal was untimely.  Therefore, the case was remanded to state court on that ground.  Judge Pisano also found that removal was defective because the original Defendants had failed to serve the Notice of Removal on the state court as required under § 1446(d). (*Id.* at ECF Nos. 17, 18.)

In the present action, Plaintiff states that he had moved to amend his Complaint in state court on June 9, 2013, adding Officer Raisen and Sgt. DeSane as new Defendants.  The Honorable Joseph P. Quinn, J.S.C., granted Plaintiff's motion to amend the Complaint on August 16, 2013. On June 28, 2013, the new Defendants were served with the Amended Complaint, as confirmed by the Monmouth County Sheriff's Office Affidavits of Service.  The proof of service

5

indicates that the Summons and Amended Complaint were hand delivered and accepted by Sgt. DeSane.[2] (ECF No. 6-3, Remand Motion at Exhibits D1, D2.) The new Defendants again were served with a Summons and the Amended Complaint, by Sheriff's service, on December 3, 2013. Proof of service indicates that an alternate person was served, namely, Lt. Wilson, as an agent authorized to accept service on behalf of the new Defendants. (*Id.*, Ex. G1, G2.) However, on April 30, 2014, Judge Quinn deemed that attempted service of the Amended Complaint on Raisen and DeSane was ineffective and void, and ordered Plaintiff to serve the new Defendants by regular and certified mail no later than May 30, 2014. (*Id.* at Ex. H4.)

In the Notice of Removal at issue here, the new Defendants state that they were served with the Amended Complaint on May 24, 2014. (ECF No. 1 at ¶ 3.) In opposing Plaintiff's motion for remand, the new Defendants argue that they included all "process, pleadings, and orders" as required under 28 U.S.C. § 1446(a) and that they had obtained consent from all Defendants before removal. (ECF No. 11.) The new Defendants also claim that removal is jurisdictionally proper. (*Id.*)

On August 4, 2014, counsel for the original Defendants wrote to the Court confirming consent to removal of this action had been given to the new Defendants before the Notice of Removal was filed. (ECF No. 10.) Also on that date, counsel wrote to the Court, informing that the original Defendants joined in the arguments and opposition to Plaintiff's motion for remand as set forth by the new Defendants. (ECF No. 12.)

---

[2] DeSane was listed as an agent authorized to accept service on behalf of Officer Raisen, and as personally served with respect to his Summons.

## II. DISCUSSION

A. <u>Standards for Removal and Remand</u>

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." 28 U.S.C. § 1446(a). The removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); see also *Wells Fargo Bank, N.A. v. Mastoris*, Civil Action No. 13-5008 (PGS), 2013 WL 6154531, *3 (D.N.J. Nov. 22, 2013). The Third Circuit has clarified that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Id.* (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

If the removal procedure was defective, the action may be remanded to state court under 28 U.S.C. § 1447(c). Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Third Circuit has held that the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel–Bassett*, 357 F.3d at 396. Thus, on a motion to remand, the burden of demonstrating a proper

7

basis for removal remains with the removing party. *Wells Fargo Bank*, 2013 WL 6154531 at *4. Nevertheless, under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

> Finally, section 1446(b) controls the time limitations for removal and provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)(1), (3).

Therefore, under § 1446(b), if an initial pleading is removable, a defendant has thirty days after receipt of the initial pleading to file its notice of removal. *See Peters v. Stop & Shop*, Civil Action No. 13-6085 (JAP), 2013 WL 5781199, *2 (D.N.J. Oct. 25, 2013).

B. <u>Analysis</u>

This action is facially removable because the Court has original jurisdiction under 28 U.S.C. § 1331, based on Plaintiff's explicit claim asserting Fourth Amendment violations by Defendants. Therefore, the Court rejects Plaintiff's argument that his Amended Complaint does not show federal jurisdiction because the original Complaint and the Amended Complaint both affirmatively alleged a federal claim on the face of the pleadings. Indeed, federal jurisdiction

was not an issue when this action was first removed in June 2013, as Plaintiff admittedly alleged a Fourth Amendment claim in his initial Complaint.

Plaintiff also asserts that remand is proper because removal was untimely and procedurally defective. As set forth above, the removing Defendants must file a notice of removal within "30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT & T, Inc.*, Civil Action No. 07–2759(FLW), 2007 WL 3256701, *2 (D.N.J. Nov.5, 2007) (internal citation omitted).

Here, the new Defendants named in Plaintiff's Amended Complaint had a right to removal because "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011); *Allstate New Jersey Ins. Co. v. Summit Pharmacy, Inc.*, Civil No. 13-5809, 2013 WL 6795207, *4 (D.N.J. Dec. 19, 2013). Thus, regardless that the first removal by the original Defendants was remanded because they untimely removed, the new Defendants' right to removal is determined by the date they were served with the Amended Complaint.

However, the parties appear to dispute the date that the new Defendants were served in this case. Plaintiff argues that he served the Amended Complaint on the new Defendants on June 28, 2013 and December 3, 2013. He attaches proof of Sheriff's service to his motion to remand. (ECF No. 6-3, Exhibits D1, D2, G1, G2.) Thus, Plaintiff contends that removal was untimely since it was filed many months later on June 17, 2014.

9

The new Defendants claim they were properly served with the Amended Complaint on May 24, 2014, and therefore, their removal on June 17, 2014 was timely within the mandatory 30-day period. Indeed, by Plaintiff's own exhibits to his motion to remand, it would appear that service was never properly affected on the new Defendants until May 24, 2014. For instance, Judge Quinn granted Plaintiff's motion to amend his Complaint on August 16, 2013, and directed that the amended Complaint be served on each Defendant within 20 days. (*Id.*, Ex. E2.) Thus, the June 28, 2013 service occurred 48 days before the state court granted the amendment, and the December 3, 2013 service was well beyond the 20 days granted. Further, it appears that the state court action had been dismissed and was not reinstated until Judge Quinn entered an Order vacating dismissal and reinstating the action to active trial status on April 30, 2014. The April 30, 2014 Order also directed that the new Defendants answer the Amended Complaint within 20 days. (*Id.*, Ex. H1.)

A separate Order also was entered by Judge Quinn on April 30, 2014, with regard to the original Defendants' motion to vacate default and to declare service on Defendants Raisen and DeSane ineffective. Notably, that motion was brought by counsel for the original Defendants and not on behalf of the new Defendants. Judge Quinn granted the original Defendants' motion and vacated default. The original Defendants were given 20 days to respond to the Amended Complaint. Further, Judge Quinn deemed "Plaintiff's Attempted Service of the Amended Complaint upon Eddie Raisen and Dave DeSane [as] ... ineffective and void." (*Id.*, Ex. H4.) Plaintiff was expressly directed to "serve the newly named Individual Defendants Raisen and DeSane personally pursuant to R. 4:4-4 or by regular and cert. [sic] mail, no later than May 30, 2014." (*Id.*)

10

Based on the state court orders as discussed above, this Court finds that the new Defendants were not properly served in accordance with N.J.Ct.R. 4:4-4 until May 24, 2014. Therefore, removal was timely effected by the new Defendants when it was filed on June 17, 2014.

The Court next considers Plaintiff's argument that removal was procedurally defective because it was unattended by all "process, pleadings and orders" as required under 28 U.S.C. § 1446(a). The new Defendants correctly point out that the statute only requires that Defendants file copies of "all process, pleadings and orders **served upon such defendant or defendants** in such action" with the notice of removal. 28 U.S.C. §1446(a) (emphasis added). The state court orders and other documents referenced by Plaintiff were never served on these new Defendants. Consequently, the failure to provide all orders entered in the state action with the notice of removal was not necessary, and the new Defendants' notice of removal was not defective on that ground.

Finally, Plaintiff argues that removal was defective because the new Defendants failed to obtain consent from the original Defendants before filing the notice of removal. Section 1446(b)(2)(A) includes a "unanimity" requirement that all defendants join in or consent to removal within the 30-day removal period. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp.2d 554, 563 (D.N.J. 2009) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)). "Although the unanimity rule does not require each defendant to join in the actual notice of removal, courts generally require each defendant served in the action to provide 'some form of unambiguous **written** evidence of consent to the court in a timely fashion.'" *Monaghan v. City of Hackensack*, Civil No. 13-4544, 2014 WL 112973, *5 (D.N.J. Jan. 9, 2014) (quoting *Michaels v. New Jersey*,

11

955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original)). For evidence of consent to be deemed timely, it must be submitted within the 30-day removal period under § 1446(a). *Monaghan, supra*; *see also Burns v. City of Hoboken*, Civil No. 10-5754, 2011 WL 2881311, *1-2 (D.N.J. Jul. 15, 2011)  Further, one defendant may not proffer consent on behalf of another defendant. *Michaels*, 955 F. Supp. at 21. Failure of all defendants to join or consent to removal is a "defect in removal procedure" under § 1447(c), but it is not considered to be jurisdictional. *Monaghan, supra* (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)).

In this case, counsel for the new Defendants certified in the Notice of Removal that all Defendants gave consent to the removal of this matter. (ECF No. 1, Notice of Removal at ¶ 7.) However, counsel for the original Defendants did not sign the removal notice. Nor did counsel provide the Court with written notice of the original Defendants' consent to removal until a letter was filed on August 4, 2014, more than one month after the 30-day removal period had expired. Consequently, all Defendants did not timely consent to the removal as required under § 1446(b)(2)(A).

Nevertheless, the new Defendants argue that this Court should grant permission to amend the Notice of Removal to cure this "procedural" defect in the interest of justice. In this district, courts have discretion to permit the amendment of a notice of removal after the 30–day removal period has expired when such an amendment would serve the interests of justice or judicial economy. *See Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp.2d 511, 523 (D.N.J. 2012); *see also Monaghan*, 2014 WL 112973 at *7; *Burns*, 2011 WL 2881311 at *3; *Wal–Mart Stores, Inc. v. Elec. Ins. Co.*, Civil No. 06–3132, 2007 WL 137238, * (D.N.J. Jan. 18, 2007); *Brown v. Sarubbi*, Civil No. 06–1634, 2006 WL 2014227, * (D.N.J. July 18, 2006). Despite this

discretion, courts are unlikely to grant leave to amend absent "extraordinary circumstances." *Cacoilo*, 902 F.Supp.2d at 523.

Here, the new Defendants do not identify any extraordinary circumstances that might justify a late amendment to the Notice of Removal. Instead, they simply contend that the defect is procedural and *de minimis*. This Court is disinclined to accept the new Defendants' *de minimis* argument. First, the original Defendants clearly are not nominal parties to this action that would otherwise excuse the unanimity requirement. *See Cacoilo*, 902 F. Supp.2d at 523. Second, all Defendants are represented by competent and sophisticated counsel who should be familiar with the rules and procedures of removal. Thus, any inadvertence or neglect concerning compliance with the removal requirements in this matter rests with Defendants as the party bearing the burden to establish that removal is proper. *See Cacoilo*, 902 F. Supp.2d at 522; *Brown*, 2006 WL 2014227 at *3. Furthermore, having failed in the first removal attempt on procedural grounds, Defendants should have exercised more diligence in this second removal effort to justify excusing the defect in obtaining unanimity of consent to removal.

The new Defendants also contend that Plaintiff is not prejudiced by the removal. This Court does not agree. Plaintiff's original action has been pending since November 2012, and the original Defendants were dilatory in removing this action the first time. As observed earlier, Judge Pisano remanded this case in December 2013 because the original Defendants' removal was untimely and procedurally defective (Defendants did not give notice to the state court as required under § 1446(a)). Thus, the progress of Plaintiff's state court action has been impeded by the original Defendants for a substantial period of time due to their lack of diligence. Moreover, as evidenced by Plaintiff's exhibits, the state court has invested time and issued

13

several orders in the management of the state action to date. This Court also considers the clear frustration described by Plaintiff, who has been diligent in trying to move his state case forward in face of Defendants' obstacles.

Lastly, this Court finds Defendants' reliance on *Wal-Mart Stores, Inc.*, 2007 WL 137238, to be inapt. There, the court allowed the removing defendants to cure their procedural defect out of time because the court had invested considerable time and effort in that case. In the present case, judicial economy is not a concern because this Court has not issued any substantive orders, conducted any conferences or otherwise had any involvement in this case outside of Plaintiff's motion for remand. *See Cacoilo*, 902 F. Supp.2d at 524; *Monaghan*, 2014 WL 112973 at *7.

Therefore, having determined that consent to removal by all Defendants in this action was untimely and defective under 28 U.S.C. §§ 1446(b)(2)(A) and 1447(c), remand is appropriate. Plaintiff's motion is granted accordingly.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand (ECF No. 6) is granted. The Clerk will be directed to close this file accordingly. An appropriate order follows.

/s/ M. Shipp
MICHAEL A. SHIPP
United States District Judge

Dated: 10/1/14